## LUCKY PAT OIL & GAS ASS'N et al. v. COX. (No. 9496.)

(Court of Civil Appeals of Texas. Fort Worth. March 5, 1921. Rehearings Denied April 1, 1921.)

1. **Joint-stock companies** &#9756;23—Stockholders held bound by articles of association authorizing trustees to sell its property.

Purchasers of stock were bound by the provisions of articles of association authorizing trustees to conduct its business affairs and purchase and otherwise acquire property necessary for its purposes, including their power to sell all of its property for repayment of stockholder when unable to raise sufficient money to improve its property.

2. **Joint-stock companies** &#9756;23—Contract of sale of entire assets held ratified by stockholder's refusal to accept rescission.

Stockholder of a joint-stock association *held* to have ratified the trustee's transfer of its property to another company by refusing to accept rescission of the contract of sale and the placing of each party thereto in statu quo.

3. **Joint-stock companies** &#9756;23—Stockholders held entitled to participate in fund derived from sale of property.

Where a joint-stock association failed to carry on, and, recognizing that stockholders were entitled to a refund, sold land to a company for $4,000, such company to issue its stock for other stock and to pay to those who refused to accept its stock the face cash value for their stock, *held*, that all stockholders are entitled to participate in the $4,000 fund.

4. **Appeal and error** &#9756;1153—Court of Civil Appeals may render judgment that trial court should have rendered.

On appeal the Court of Civil Appeals may render the judgment which it concludes the trial court should have rendered.

Buck, J., dissenting.

Appeal from District Court, Wise County; F. O. McKinsey, Judge.

Suit by G. W. Cox against the Lucky Pat Oil & Gas Association and others. Judgment for plaintiff for the full amount against the Lucky Pat Oil & Gas Association and others, and providing that such Association and the trustees thereof have judgment over and against the Texas Consolidated Oil Company and others for such sums as they may be required to pay on this judgment, and judgment was rendered in favor of the defendant J. H. Foster, one of the trustees of the Lucky Pat Oil & Gas Association, and such Company and its trustees, except Foster, appeal. Judgment reformed and affirmed.

McMurray & Gettys, of Decatur, J. L. Rudy, of Bowie, and Patterson & Lobdell, of Decatur, for appellants.

R. E. Carswell, of Decatur, for appellee.

BUCK, J. November 24, 1919, plaintiff, G. W. Cox, filed this suit in the district court of Wise county against the Texas Consolidated Oil Company and its trustees, officially and individually, A. D. Powers, N. E. Bowden, Ezra J. Morgan, and the Lucky Pat Oil & Gas Association, and its trustees, officially and individually, L. H. Kaker and 11 others, alleging that plaintiff and 22 others had purchased stock in the Lucky Pat Oil & Gas Association, hereinafter called the Lucky Pat Association, paying therefor $100 a share, and that the others had assigned to plaintiff the several shares held by them. Plaintiff alleged the parties named above as trustees of the Lucky Pat Association, desiring to enter the oil and gas business, and having acquired 5.56 acres of land out of the Wm. P. Dubose survey, in the Burkburnett field, Wichita county, undertook to organize an association for the purpose of carrying on

---

&#9756;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

such business, and prepared and filed, in the office of the county clerk of Wichita county, articles of association for such purpose; that the capital stock was fixed at $80,000, divided into 800 equal shares; that all of said capital stock belonged at that time to the above-named trustees; that the articles of association vested in said trustees the management and control of the business; that, being wholly without means, said trustees undertook to sell some of the capital stock for the purpose of raising funds to drill and otherwise carry on the business. To this end, they published the following prospectus:

"Whereas, the Lucky Pat Oil & Gas Association, of Bridgeport, Tex., organized with capital stock of $80,000, on the 2d day of November, 1918, this company is the owner of an oil and gas lease upon the following described tract of land in Wichita county: The same being 5.56-acre tract of land out of the William P. Dubose survey at Burkburnett, Wichita county, Tex.; this land being situated immediately west of the town of Burkburnett, as shown by subdivision of plat records of Wichita county, Tex.;

"Whereas, the Lucky Pat Oil & Gas Association of Bridgeport, Tex., organized with a capital stock of $80,000 divided into 800 shares, the par value of each being $100, and in order to facilitate the promotion of said company, the drilling and completion of said well to the depth of 2,000 feet, or to the Fowler sand, we hereby offer a portion of such an amount of stock for sale to the public as we may desire to sell. With the proceeds from the sale of stock the said company agrees to drill and equip the well and pay all expenses without further costs to the stockholders. The lease comprising the property of this company bears one-eighth royalties to the lessor, and 25 per cent. of the first well's earnings shall be used to dig well No. 2 on this company's holdings:

"Now, therefore, we, the subscribers hereto, agree to subscribe for and pay the amount set opposite our names for stock of the Lucky Pat Oil & Gas Company of Bridgeport, Tex., and each subscriber hereto shall be entitled to an interest in said company in proportion that the amount he has subscribed bears to the total capital of $80,000.

"Make all checks payable to the Lucky Pat Oil & Gas Association, of Bridgeport, Tex., and take receipts for the same signed by stock salesman. We are responsible for the statements in our subscription lists and printed literature only, and no agent is authorized to make any other representations. The right to return all oversubscription is reserved."

This prospectus was signed by L. H. Kaker, president and general manager, and the other officers and trustees.

It was further alleged that, relying upon the truth of the representations contained in the said prospectus and the representations of the Lucky Pat Company's sales agents that said company could and would sell enough of the stock of said association held by it to sink a well on said 5.56 acres, and

to develop the oil and gas thereunder, and that the money the plaintiff and his assignors were paying for said stock would be used and applied to the development of said lease, and that the stock so purchased would entitle the holders to a proportionate interest in said lease so developed, the plaintiff and his assignors paid their money to the Lucky Pat Company for said stock; that subsequently the promoters of the Lucky Pat Company concluded that they could not sell enough of their stock to develop the said land for oil and gas, and determined to abandon the enterprise and dissolve said association; that, recognizing the fact that the persons to whom they had sold stock were entitled to have their money refunded, and recognizing their liability to said stockholders for money received from them for stock so sold, and fully intending to have reimbursed on account of such payments, instead of themselves refunding said money to said stockholders, the trustees, on the 29th day of May, 1919, acting as the ostensible directors and managers of the Lucky Pat Oil & Gas Company, entered into a contract with the Texas Consolidated Oil Company and its directors, heretofore mentioned, whereby the Texas Consolidated Oil Company purchased the entire assets of the Lucky Pat Company, including $6,700 in cash, and the trustees of the Texas Consolidated Oil Company agreed to repay to the Lucky Pat Oil Company's trustees $4,000, and to issue stock in the Texas Consolidated Oil Company, dollar for dollar, to the stockholders in the Lucky Pat Company, or, if any of the stockholders should not agree to accept the Texas Consolidated Oil Company's stock for the Lucky Pat Oil Company's stock, to pay to such stockholders face value in cash for their stock; that the Texas Consolidated Oil Company and its trustees further bound themselves to relieve the trustees and directors of the Lucky Pat Oil Company from any and all responsibility as between themselves and the stockholders of the said Lucky Pat Oil Company that might arise by reason of the making of this contract and the taking over of said property and effects of the Lucky Pat Oil Company.

Plaintiff further alleged a demand on the Texas Consolidated Oil Company and its trustees for the payment to plaintiff and his assignors of the face value of their stock in the Lucky Pat Oil Company and the refusal and failure of said company to pay the money; that plaintiff believed and averred that the Texas Consolidated Company was organized by its trustees as a stock-selling scheme; and that it was wholly without assets or financial responsibility. Wherefore plaintiff prayed for judgment against all of the defendants for the $2,300 paid out for stock.

The Lucky Pat Company and its trustees answered by way of a general demurrer and

certain special exceptions, and further answered that the trustees were not individually liable to the plaintiff, by reason of certain provisions in the articles of the association and the by-laws of the company, and that all acts done by said trustees were performed in good faith and in obedience to the directions contained in said articles of the association and the by-laws. Defendants further pleaded that subsequent to the sale of the stock to plaintiff and his assigns several dry holes were drilled on the land immediately adjacent to the Lucky Pat Oil Company's holdings in the Burkburnett field, and that on this account not only was it deemed useless to drill on the Lucky Pat Oil Company's land, but that the trustees were not able by reason of this unfavorable condition to sell any more stock. Defendants further pleaded that about $10,500 of the capital stock had been sold, the remainder still belonging to the promoters who had furnished the lease; that it was impracticable to consult with and get the consent of the Lucky Pat Oil Company's stockholders to said proposed trade, and that the trustees of the Lucky Pat Oil Company stipulated that all of its stockholders who were unwilling to accept the Texas Consolidated Oil Company's stock in lieu of the Lucky Pat Oil Company's stock should receive payment in cash for their stock; that, when the defendants discovered that the plaintiff and his assignors were dissatisfied with the trade, the defendants offered to rescind their trade with the Texas Consolidated Oil Company, the latter company agreeing to such proposition, but that plaintiff, through his attorney, would not consent to any rescission, but insisted on a payment to him of the full cash value of his stock.

Other defendants answered, and plaintiff filed a somewhat lengthy supplemental petition, but we believe we have stated enough of the pleaded issues as to make clear our further discussion of the case.

The case was tried before the court and judgment was rendered for plaintiff for the full amount sued for against the Texas Consolidated Oil Company, an unincorporated stock association, and A. D. Powers, N. E. Bowden, Ezra J. Morgan, the Lucky Pat Oil & Gas Association, L. H. Kaker, P. E. Davidson, H. B. Mason, J. S. McKinzie, L. C. McCrory, P. A. Boaz, J. E. Giles, W. T. Jernigan, W. M. Thompson, J. H. Golaz, and C. Y. Cosby. The judgment further provided that the Lucky Pat Oil & Gas Association and the trustees heretofore named have judgment over against the Texas Consolidated Oil Company and A. D. Powers and N. E. Bowden for all sums which they may be required to pay on this judgment. Judgment was rendered in favor of J. H. Foster, one of the trustees of the Lucky Pat Oil Company, who resigned as trustee early in January, 1919. The Lucky Pat Oil Company and its trustees, except Foster, have appealed.

The court filed findings of facts and conclusions of law in which the court found that the trustees of the Lucky Pat Oil Company and 31 others owned 5.56 acres of land in the Dubose survey near Burkburnett, Wichita county, and that they entered into an unincorporated stock association under a declaration of trust, which declaration stipulated that the shareholders in the company should have no legal right to the trust property held by the trustees, nor the right to call for the partition thereof or a dissolution of the trust, and that said shares should be personal property carrying the right of division of the profits, etc.; that it was provided that the trustees therein designated and selected were authorized, "in the conduct of the business of the association, to sell in due course of business the goods, wares, and merchandise and other trust property of the company free of any incumbrance," which provision was to be and was inserted in the certificate of stock issued to stockholders; that the company sold stock to the amount of $10,600, and for making said sales agents were paid 5 per cent. of the face value as a commission; that agents were furnished a prospectus in printed form and signed by the trustees and agents of the company, to be used in said sale of stock and to be exhibited to prospective purchasers, a true copy of which is hereinbefore set out; that according to the said prospectus, the company proposed to sell enough of its stock to drill a well on its acreage to the Fowler sand, or to a depth of 2,000 feet, and to pay all expenses of such drilling, and the equipment of the well, without further cost to the stockholders; that the plaintiff and his assignors purchased their stock relying upon these representations and promises; that when $10,600 had been disposed of a number of dry holes came in on land in the proximity of the company's lease, indicating that the company's lease had no oil or gas under it, and that it then became impossible to sell more stock or to drill a well or otherwise carry out the purposes for which the company had been organized, and the trustees and officers thereupon decided to abandon and did abandon the enterprise; that at this time there was on hand in cash and derived from the sale of stock the sum of $6,741.39. The findings further recite the contract of sale made by the trustees of the Lucky Pat Oil Company to the Texas Consolidated Oil & Gas Company, and the transfer of the cash belonging to the Lucky Pat Oil Company to the Texas Consolidated Oil Company, together with its lease, and the retransfer of $4,000 by the latter company to the trustees of the Lucky Pat Oil Company; that all of the stockholders of the Lucky Pat Oil Company surrendered such stock and accepted in lieu thereof the face value

in stock of the Texas Consolidated Oil & Gas Company except the holders of 50½ shares, par value $5,050, in which last-named class the plaintiff and his assignors were included. The court further found that the payment of the $4,000 by the Lucky Pat Oil Company to the Texas Consolidated Oil & Gas Company and the repayment thereof to the Lucky Pat Oil Company was a mere device for the purpose of giving a seeming validity to such contract and to prevent the stockholders of the Lucky Pat Oil Company from having the same subjected to a refund on their stock.

The appellants have presented five assignments, urging error in the judgment of the court below, but, without taking up these several assignments and disposing of them separately, we will consider the case as presented by the pleadings of the several parties and the evidence, and render such judgment as we believe such pleadings and evidence justify.

[1, 2] We do not think the plaintiff was entitled to a return of the face value of his stock. The certificate of stock contained this provision:

"This certificate of interest is subject to the provisions and covenants contained in the articles of association of the Lucky Pat Oil & Gas Association, dated the 2d day of November, 1918, and any amendments thereto and the by-laws of said association, present or future, and the provisions hereof."

Therefore the purchasers of stock bought subject to and were bound by the provisions of said articles of the association, and especially were such purchasers bound by the provision in said article specially authorizing the trustees to conduct the business and affairs of the company, to purchase, contract for, lease, or otherwise acquire any property necessary or proper for the purposes of the company, and to buy and sell any of the company's goods, wares, merchandise, material, supplies, machinery, appliances, and things necessary to its operation in due course of business. We are further of the opinion that, in addition to the fact that the trustees of the Lucky Pat Oil Company had authority to sell all of the property of the company under the circumstances shown, by virtue of the terms of the trust association under which they operated, their acts in making the deal they did make with the Texas Consolidated Oil Company were ratified by plaintiff when he refused, through his attorney, to accept a rescission of said contract and the placing of each party thereto in the position occupied before said contract was made.

[3] We are further of the opinion that the plaintiff is entitled to a participation in the $4,000 paid over to the trustees of the Lucky Pat Oil Company by the Texas Consolidated Oil Company, and as to the basis upon which such participation shall be granted the court is divided. The majority believe that all of the stockholders are entitled to a participation in this fund, and, inasmuch as $4,000 is 5 per cent. of $80,000, that the stockholders represented by the plaintiff are entitled to 5 per cent. of their holdings, or $115. The writer believes that only the stockholders who have not accepted stock in the Texas Consolidated Oil & Gas Company should participate in this fund, and that plaintiff would be entitled to 2300/5050 of the $4,000, which amount to $1,821.78. We are all of the opinion that the judgment against the Texas Consolidated Oil & Gas Company and its trustees obtained by plaintiff should be undisturbed. The agreement entered into by the Texas Consolidated Oil Company to pay in cash the face value of the stock of such of the Lucky Pat Oil Company's stockholders as were unwilling to accept stock in the Texas Consolidated Company was a plain contract made for the benefit of such stockholders, and plaintiff was entitled to take advantage of such contract, even though and by reason of the fact that he had ratified the action of the Lucky Pat Oil Company in making such a contract.

[4] Judgment will here be rendered which in our judgment the trial court should have rendered. Judgment will be rendered for plaintiff against the Lucky Pat Oil & Gas Association and its trustees named in the judgment below for $115. Since said association and its trustees are not entitled to a judgment over against the Texas Consolidated Oil Company for this amount, or for any other sum, no judgment over is allowed. The judgment below of plaintiff against the Texas Consolidated Oil Company and its trustees is left undisturbed.

Judgment reformed and affirmed.

BUCK, J., dissenting.